## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| MAMA BEARS OF FORSYTH COUNTY, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action File No.: 2:22-CV-142-RWS |
| WESLEY MCCALL, Chair, Forsyth County Board of Education in his official and individual capacities; *et al.* | ) ) ) ) | |
| Defendants. | ) ) | |

---

## DEFENDANTS' ANSWER AND RESPONSIVE PLEADINGS

---

Defendants Forsyth County Schools[1], Wesley McCall, Kristin Morrissey, Tom Cleveland, Lindsey Adams, and Darla Light, (hereinafter "Defendants"), by and through their undersigned counsel, respond to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint against Defendants fails to state a claim upon which relief can be granted, and therefore, should be dismissed.

---

[1] Forsyth County Schools is not a proper party capable of being sued. By responding to Plaintiffs' Complaint, Defendants are not waiving the right to assert that the "Forsyth County Schools" is not a proper party capable of being sued. The proper party is the Forsyth County School District and Defendants will refer throughout this Answer to Defendant "Forsyth County School District" or "School District."

## SECOND DEFENSE

Plaintiffs were not deprived of any federal, constitutional, or statutory right as a result of the application of any policy, practice or custom of the Forsyth County School District.

## THIRD DEFENSE

Defendants McCall, Morrissey, Cleveland, Adams, and Light in their individual capacity did not violate clearly established law of which reasonable public officials would be on notice in the performance of their discretionary duties; therefore, they are entitled to the defense of qualified immunity.

## FOURTH DEFENSE

Plaintiffs' speech was not protected by the First Amendment of the United States Constitution.

## FIFTH DEFENSE

Forsyth County Schools is not a proper party capable of being sued.

## SIXTH DEFENSE

The introductory material in Plaintiffs' Complaint summarizing the causes of action and identifying the statutory and constitutional basis for Plaintiffs' claims does not require a response from Defendants. To the extent a response is required, Defendants deny that Plaintiffs have stated a claim, deny that they have violated

Plaintiffs' First Amendment rights and further deny that they engaged in any viewpoint discrimination.

In responding to the separately numbered paragraphs of Plaintiffs' Complaint, Defendants state as follows:

## JURISDICTION AND VENUE

### 1.

Defendants deny that they violated Plaintiffs' civil rights but admit the remaining allegations of paragraph 1 of Plaintiffs' Complaint.

### 2.

Defendants admit the allegations of paragraph 2 of Plaintiffs' Complaint.

## THE PARTIES

### 3.

Defendants are without sufficient knowledge and information to either admit or deny the allegations of paragraph 3 of Plaintiffs' Complaint.

### 4.

Defendants are without sufficient knowledge and information to either admit or deny the allegations of paragraph 4 of Plaintiffs' Complaint.

### 5.

Defendants are without sufficient knowledge and information to either admit

or deny the allegations of paragraph 5 of Plaintiffs' Complaint.

**6.**

Defendants admit the allegations of paragraph 6 of Plaintiffs' Complaint.

**7.**

Defendants admit the allegations of paragraph 7 of Plaintiffs' Complaint.

**8.**

Defendants admit the allegations of paragraph 8 of Plaintiffs' Complaint.

**9.**

Defendants admit the allegations of paragraph 9 of Plaintiffs' Complaint.

**10.**

Defendants admit the allegations of paragraph 10 of Plaintiffs' Complaint.

**11.**

Defendants admit the allegations of paragraph 11 of Plaintiffs' Complaint.

## **FACTS**

*The Board's Public Participation Policy*

**12.**

Defendants admit the allegations of paragraph 12 of Plaintiffs' Complaint.

**13.**

Defendants admit the allegations of paragraph 13 of Plaintiffs' Complaint.

**14.**

Defendants admit the allegations of paragraph 14 of Plaintiffs' Complaint.

**15.**

Defendants admit the allegations of paragraph 15 of Plaintiffs' Complaint.

**16.**

Defendants admit the allegations of paragraph 16 of Plaintiffs' Complaint.

**17.**

Defendants admit the allegations of paragraph 17 of Plaintiffs' Complaint.

**18.**

Defendants admit the first sentence of paragraph 18 of Plaintiffs' Complaint but deny the remaining allegations of this paragraph.

**19.**

Defendants admit the allegations of paragraph 19 of Plaintiffs' Complaint.

**20.**

Defendants admit the allegations of paragraph 20 of Plaintiffs' Complaint.

**21.**

Defendants admit the allegations of paragraph 21 of Plaintiffs' Complaint.

*Mama Bears*

**22.**

Defendants are without sufficient knowledge and information to either admit or deny the allegations of paragraph 22 of Plaintiffs' Complaint.

**23.**

Defendants are without sufficient knowledge and information to either admit or deny the allegations of paragraph 23 of Plaintiffs' Complaint.

**24.**

Defendants deny that "pornographic books" are in Forsyth County School libraries or that "pornographic books" are available to students. Defendants are without sufficient knowledge and information to either admit or deny the remaining allegations of paragraph 24 of Plaintiffs' Complaint.

**25.**

Defendants admit the allegations of paragraph 25 of Plaintiffs' Complaint.

**26.**

Defendants admit the allegations of paragraph 26 of Plaintiffs' Complaint.

**27.**

Defendants deny the allegations of paragraph 27 of Plaintiffs' Complaint.

**28.**

Defendants deny the allegations of paragraph 28 of Plaintiffs' Complaint.

**29.**

Defendants deny the allegations of paragraph 29 of Plaintiffs' Complaint.

**30.**

Defendants admit the allegations of paragraph 30 of Plaintiffs' Complaint.

**31.**

Defendants are without sufficient knowledge to admit or deny what Plaintiffs believe and deny the remaining allegations of paragraph 31 of Plaintiffs' Complaint.

**32.**

Defendants are without sufficient knowledge to admit or deny what Plaintiffs believe and deny the remaining allegations of paragraph 32 of Plaintiffs' Complaint.

**33.**

Defendants admit the allegations of paragraph 33 of Plaintiffs' Complaint.

**34.**

Defendants admit the first sentence of paragraph 34 of Plaintiffs' Complaint. Defendants are without sufficient knowledge and information to either admit or deny as to what "input" Plaintiffs would "provide" but deny any implication that they have the right to read sexually explicit, graphic passages from a book in a public

Board meeting.

*Defendants' Unlawful Censorship At School Board Meetings*

**35.**

Defendants admit the allegations of paragraph 35 of Plaintiffs' Complaint.

**36.**

Defendants deny the allegations of paragraph 36 of Plaintiffs' Complaint.

**37.**

Defendants deny the allegations of paragraph 37 of Plaintiffs' Complaint.

**38.**

Defendants are without sufficient knowledge and information to either admit or deny the allegations of paragraph 38 of Plaintiffs' Complaint, but Defendants note that law enforcement is always present at Board meetings.

**39.**

Defendants are without sufficient knowledge and information to either admit or deny the allegations of paragraph 39 of Plaintiffs' Complaint.

**40.**

Defendants admit the allegations of paragraph 40 of Plaintiffs' Complaint.

**41.**

Defendants admit the allegations of paragraph 41 of Plaintiffs' Complaint.

**42.**

In response to the allegations of paragraph 42, Defendants state that Hair did continue with her public comment and requested her time be returned. Defendants deny the remaining allegations of this paragraph of Plaintiffs' Complaint.

**43.**

Defendants admit the allegations of paragraph 43 of Plaintiffs' Complaint.

**44.**

Defendants admit the allegations of paragraph 44 of Plaintiffs' Complaint.

**45.**

Defendants admit the allegations of paragraph 45 of Plaintiffs' Complaint.

**46.**

Defendants admit the allegations of paragraph 46 of Plaintiffs' Complaint.

**47.**

Defendants deny the second sentence and deny that Hair was interrupted. Defendants admit the remaining allegations of paragraph 47 of Plaintiffs' Complaint.

**48.**

Defendants admit the first two sentences and that McCall thanked her twice. Defendants deny the remaining allegations of paragraph 48 of Plaintiffs' Complaint.

**49.**

Defendants admit that at the March 15, 2022 school board meeting, Defendant McCall opened the Public Comment period by reading portions of the Public Participation Policy and that he made a statement regarding reading materials inappropriate to be stated in public and deny the remaining allegations of paragraph 49 of Plaintiffs' Complaint.

**50.**

Defendants admit the first and last sentences of paragraph 50 of Plaintiffs' Complaint but deny the remaining allegations of this paragraph.

**51.**

Defendants admit that the quoted language is accurate but deny the characterizations and the remaining allegations of paragraph 51.

**52.**

Defendants admit that McCall made the quoted statement but deny the remaining allegations of this paragraph.

**53.**

Defendants are without sufficient knowledge and information to either admit or deny the allegations of paragraph 53 of Plaintiffs' Complaint.

## 54.

Defendants admit that the quoted language is some of what Hair said. Defendants deny that she "implored" the Board and are without sufficient knowledge to either admit or deny the remaining allegations of paragraph 54.

## 55.

Defendants admit the allegations of paragraph 55 of Plaintiffs' Complaint.

## 56.

Defendants admit that McCall asked if the book had been submitted to the school for review and that portions of the quoted language was spoken. Defendants deny the remaining allegations of paragraph 56.

## 57.

Defendants admit that Hair continued reading the sexual explicit passage and McCall tried to interrupt her but deny the remaining allegations of paragraph 57 of Plaintiffs' Complaint.

## 58.

Defendants admit that Hair asked McCall why she can't read from the book, that she demanded her time back, that McCall asked her if she would follow the rule, that Hair claimed that she did not break any rule and that McCall informed her that she used profanity when reading the book. Defendants deny the remaining

allegations of paragraph 58 of Plaintiffs' Complaint.

**59.**

Defendants admit that McCall called for a recess and deny remaining allegations.

**60.**

Defendants are without sufficient knowledge and information to either admit or deny the allegations of paragraph 60 of Plaintiffs' Complaint.

**61.**

Defendants admit that the letter was sent. The remaining allegations of this paragraph references the letter, which speaks for itself. Defendants deny that the letter mentions "guarantee."

**62.**

Defendants admit the allegations of paragraph 62 of Plaintiffs' Complaint.

**63.**

Defendants admit that the Board sent Hair a letter signed by all Board members and dated May 11, 2022, which speaks for itself. Defendants deny that Plaintiffs' Complaint accurately describes the content of the letter. Defendants are without sufficient knowledge and information to either admit or deny the remaining allegations of paragraph 63 of Plaintiffs' Complaint.

**64.**

Defendants admit the allegations of paragraph 64 of Plaintiffs' Complaint.

**65.**

The allegations of this paragraph references the letter, which speaks for itself. Defendants deny that the letter mentions "guarantee" or "pledge fealty."

*The continuing impact of*
*Defendants' censorship of Plaintiffs' speech.*

**66.**

Defendants deny that they have engaged in any impermissible or unconstitutional censorship to Plaintiffs or to anyone. Defendants are without sufficient knowledge and information to either admit or deny the remaining allegations of paragraph 66 of Plaintiffs' Complaint.

**67.**

Defendants deny that they have engaged in any impermissible or unconstitutional censorship to Plaintiffs or to anyone. Defendants are without sufficient knowledge and information to either admit or deny the remaining allegations of paragraph 67 of Plaintiffs' Complaint.

**68.**

Defendants deny that they have engaged in any impermissible or unconstitutional censorship to Plaintiffs or to anyone. Defendants are without

sufficient knowledge and information to either admit or deny the remaining allegations of paragraph 68 of Plaintiffs' Complaint.

CLAIMS FOR RELIEF
COUNT ONE
RIGHT OF FREE SPEECH
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TO THE PUBLIC PARTICIPATION POLICY

**69.**

Defendants incorporate their previous responses above in response to the allegations of paragraph 69 of Plaintiffs' Complaint.

**70.**

The allegations of this paragraph contain statements of law, to which a response is not required. To the extent one is required, Defendants deny that Plaintiffs have accurately and fully stated the law and deny that they violated anyone's First Amendment rights.

**71.**

Defendants admit the allegations of paragraph 71 of Plaintiffs' Complaint.

**72.**

Defendants admit the allegations of paragraph 72 of Plaintiffs' Complaint.

**73.**

A Defendants admit the allegations of paragraph 73 of Plaintiffs' Complaint.

**74.**

Defendants admit the allegations of paragraph 74 of Plaintiffs' Complaint.

**75.**

Defendants admit the allegations of paragraph 75 of Plaintiffs' Complaint.

**76.**

Defendants deny the allegations of paragraph 76 of Plaintiffs' Complaint.

**77.**

Defendants deny the allegations of paragraph 77 of Plaintiffs' Complaint.

COUNT TWO
RIGHT OF FREE SPEECH
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
As-APPLIED CHALLENGE TO THE PUBLIC PARTICIPATION POLICY

**78.**

Defendants incorporate their previous responses above in response to the allegations of paragraph 78 of Plaintiffs' Complaint.

**79.**

Defendants deny the allegations of paragraph 79 of Plaintiffs' Complaint.

**80.**

Defendants deny the allegations of paragraph 80 of Plaintiffs' Complaint.

**81.**

Defendants deny the allegations of paragraph 81 of Plaintiffs' Complaint.

**82.**

Defendants deny the allegations of paragraph 82 of Plaintiffs' Complaint.

**83.**

Defendants deny the allegations of paragraph 83 of Plaintiffs' Complaint.

**84.**

Defendants deny the allegations of paragraph 84 of Plaintiffs' Complaint.

COUNT THREE
RIGHT TO PETITION
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TO THE PUBLIC PARTICIPATION POLICY

**85.**

Defendants incorporate their previous responses above in response to the allegations of paragraph 85 of Plaintiffs' Complaint.

**86.**

The allegations of this paragraph contain a quote from case law, to which a response is not required. To the extent one is required, Defendants admit that the quote is accurately quoted but deny that they violated anyone's First Amendment rights.

**87.**

Defendants admit the allegations of paragraph 87 of Plaintiffs' Complaint.

**88.**

Defendants deny the allegations of paragraph 88 of Plaintiffs' Complaint.

**89.**

Defendants deny the allegations of paragraph 89 of Plaintiffs' Complaint.

COUNT FOUR
RIGHT TO PETITION
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
As-APPLIED CHALLENGE TO THE PUBLIC PARTICIPATION POLICY

**90.**

Defendants incorporate their previous responses above in response to the allegations of paragraph 90 of Plaintiffs' Complaint.

**91.**

Defendants deny the allegations of paragraph 91 of Plaintiffs' Complaint.

**92.**

Defendants deny the allegations of paragraph 92 of Plaintiffs' Complaint.

**93.**

Defendants deny the allegations of paragraph 93 of Plaintiffs' Complaint.

**94.**

Defendants deny the allegations of paragraph 94 of Plaintiffs' Complaint.

COUNT FIVE
VAGUENESS
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983

CHALLENGE TO THE PUBLIC PARTICIPATION POLICY

**95.**

Defendants incorporate their previous responses above in response to the allegations of paragraph 95 of Plaintiffs' Complaint.

**96.**

The allegations of this paragraph contain statements of law, to which a response is not required. To the extent one is required, Defendants deny that Plaintiffs have fully stated the applicable law and deny that they violated anyone's Due Process or First Amendment rights.

**97.**

Defendants deny the allegations of paragraph 97 of Plaintiffs' Complaint.

**98.**

Defendants deny the allegations of paragraph 98 of Plaintiffs' Complaint.

COUNT SIX
OVERBREADTH
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983 CHALLENGE TO THE
PUBLIC PARTICIPATION POLICY

**99.**

Defendants incorporate their previous responses above in response to the allegations of paragraph 99 of Plaintiffs' Complaint.

**100.**

The allegations of this paragraph contain statements of law, to which a response is not required. To the extent one is required, Defendants deny that Plaintiffs have fully stated the applicable law and deny that they violated anyone's Due Process or First Amendment rights

**101.**

Defendants deny the allegations of paragraph 101 of Plaintiffs' Complaint.

**102.**

Defendants deny the allegations of paragraph 102 of Plaintiffs' Complaint.

COUNT SEVEN
PRIOR RESTRAINT
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
CHALLENGE TO THE PUBLIC PARTICIPATION POLICY

**103.**

Defendants incorporate their previous responses above in response to the allegations of paragraph 103 of Plaintiffs' Complaint.

**104.**

Defendants deny the allegations of paragraph 104 of Plaintiffs' Complaint.

**105.**

Defendants deny the allegations of paragraph 105 of Plaintiffs' Complaint, including the relief sought in the subparts.

**GENERAL DENIAL**

All allegations of Plaintiffs' Complaint, which have not been admitted, denied, or otherwise responded to above, are hereby denied.

Based on the foregoing, Defendants state that Plaintiffs are not entitled to any of the relief prayed for in the Complaint.

WHEREFORE, having fully answered, Defendants pray for judgment in their favor and against Plaintiffs, to be discharged without costs and to be awarded such costs, attorney's fees and relief as this Court may deem equitable and proper.

This 26th day of August, 2022.

HARBEN, HARTLEY & HAWKINS, LLP

*/s/ Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No. 382526
Phillip L. Hartley
Georgia Bar No.: 333987
Aparesh Paul
Georgia Bar No. 362648

340 Jesse Jewell Parkway Ste. 750      ATTORNEYS FOR DEFENDANTS
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Email: hnguyen@hhhlawyers.com
phartley@hhhlawyers.com
apaul@hhhlawyers.com

## CERTIFICATION

Pursuant to L.R.7.1(D), counsel hereby certifies that this pleading has been prepared using Times New Roman font 14 point approved by the Court in L.R.5.1(C).

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2022, I electronically filed the *Defendants' Answer and Responsive Pleadings to Plaintiffs' Complaint* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

HARBEN, HARTLEY & HAWKINS, LLP

Gateway Professional Center
340 Jesse Jewell Parkway; Suite 750
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Email: hnguyen@hhhlawyers.com

*/s/ Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No.: 382526

ATTORNEY FOR DEFENDANTS