# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| MAMA BEARS OF FORSYTH COUNTY, *et al.* ) ) ) Plaintiffs, ) ) v. ) ) WESLEY MCCALL, Chair, Forsyth ) County Board of Education in his ) official and individual capacities; *et al.* ) ) Defendants. ) | Civil Action File No.: 2:22-CV-142-RWS |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Despite having the burden to establish that they are entitled to the extraordinary and drastic remedy of a preliminary injunction, Plaintiffs fail to identify *any* authority from *anywhere* that establishes that there is a First Amendment right to read *out loud* sexually explicit, graphic passages from a book in a *limited public forum*. In their Reply Brief, Plaintiffs suggest that Iancu v. Brunetti, 139 S. Ct. 2294 (2019), supports this proposition. However, Iancu involves a challenge to the Patent and Trademark Office's ("PTO") denial of an application for federal registration of the trademark "FUCT." The PTO denied the

application under a provision of the Lanham Act that prohibits registration of trademarks that "[c]onsist[ ] of or comprise[ ] immoral[ ] or scandalous matter." Id. at 2296. The fight over the trademark in Iancu, and the Supreme Court's earlier decision in Matal v. Tam, 137 S. Ct. 1744 (2017) over the trademark "THE SLANTS" for a musical band, obviously involve a public forum, that being the open marketplace. These decisions involving the trademarks and the Lanham Act are inapplicable to this case.

The forum in which the School District seeks to regulate obscene, profane or sexually explicit speech is significant, as can be seen in the Supreme Court's most recent First Amendment decision in the school context. In Mahanoy Area Sch. Dist. v. B. L. by & through Levy, 141 S. Ct. 2038 (2021), the Court determined that the school violated the student's First Amendment rights when it suspended her from the junior varsity cheerleading squad for a social media post she made using her personal cell phone over the weekend. The photo she posted on social media showed her and a friend with middle fingers raised and bore the caption: "F**k school f**k softball f**k cheer f**k everything" (F**k was spelled out in the caption). Although the post was clearly vulgar, profane and obscene, the School District could not regulate such speech because it was outside of school and in a public forum. However, there is no doubt that if a student made the same

exact gesture or made the same statement in a classroom or in the school hallway, the School could discipline the student without running afoul of the First Amendment. See Bethel School Dist. No. 403 v. Fraser, 478 U.S. 675 (1986).

Regarding the proposed new Rules for conduct during public participation, Plaintiffs assert that the School District is playing "whack-a-mole" by changing the types of comments that are prohibited. [Doc. 20 at 4]. Plaintiffs object to the prohibition of "abusive" comments. However, the entire rule at issue provides that the "use of obscene, profane, physically threatening or abusive remarks will not be allowed." In context, the prohibition is related to the prohibition of "physically threatening" remarks. Defendants contend that "physically threatening or abusive remarks" are not protected under the First Amendment. Plaintiffs fail to provide any authority in their Reply Brief to demonstrate otherwise.

Plaintiffs also take issue with the prohibition on "loud and boisterous" conduct or comments by speakers or members of the audience in the new Rules. This prohibition, on its face, is content and view-point neutral. It is clearly intended to prohibit disruptive conduct in order to maintain order at board meetings. Such content and view-point neutral rules are permissible in any forum. See e.g. Pine v. City of W. Palm Beach, FL, 762 F.3d 1262 (11th Cir. 2014) (upholding a noise ordinance that prohibits loud, boisterous or raucous shouting in

a *public forum*).

Plaintiffs fail to *clearly establish*, as they must, the burden of persuasion as to *each of the four* elements required before a preliminary injunction can be granted. The videos from both Board meetings provide clear visual evidence that there was no attempt by the School District to censor *anyone's* viewpoint on the book banning issue, as well *over thirty* individuals, on both sides of the issue, expressed their viewpoints on this issue. In fact, over *twenty* individuals, including Plaintiffs and other members of the group, had the opportunity in the two Board meetings, to express their shared views, which were extremely critical of the School District and its Board members.

## CONCLUSION

Plaintiffs have failed to show that their First Amendment rights were violated. They cannot meet the rigorous standard for the extraordinary remedy of a preliminary injunction. For the reasons shown above and those provided in Defendants' Response brief, Plaintiffs' Motion for Preliminary Injunction must be denied.

Respectfully submitted this 15th day of September, 2022.

## **CERTIFICATION**

Counsel certifies pursuant to Local Rule 5.1 that this document has been

prepared in Times New Roman 14-point font with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

                HARBEN, HARTLEY & HAWKINS, LLP

                ***/s/ Hieu M. Nguyen***
                Hieu M. Nguyen
                Georgia Bar No. 382526
                Phillip L. Hartley
                Georgia Bar No.: 333987
                Aparesh Paul
                Georgia Bar No. 362648

340 Jesse Jewell Parkway Ste. 750    ATTORNEYS FOR DEFENDANTS
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Email: hnguyen@hhhlawyers.com
phartley@hhhlawyers.com
apaul@hhhlawyers.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on the 15th day of September, 2022, he electronically filed the *Defendants' Supplemental Brief in Response to Plaintiffs' Motion for Preliminary Injunction* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                HARBEN, HARTLEY & HAWKINS, LLP

                ***/s/ Hieu M. Nguyen***

                              Hieu M. Nguyen
                              Georgia Bar No. 382526

340 Jesse Jewell Parkway Ste. 750   ATTORNEY FOR DEFENDANTS
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: hnguyen@hhhlawyers.com