**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| MAMA BEARS OF FORSYTH COUNTY, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action File No.: 2:22-CV-142-RWS |
| WESLEY MCCALL, Chair, Forsyth County Board of Education in his official and individual capacities; *et al.* | ) ) ) ) ) | |
| Defendants. | ) | |

---

**DEFENDANTS' POST-HEARING SUPPLEMENTAL BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

---

At the September 20, 2022 Preliminary Injunction Hearing, the Court requested the Parties to provide supplemental briefing related to specific provisions in the School District's new Rules of Conduct for public participation at Board meetings: the prohibition of "profane" or "abusive" remarks. Additionally, the Court also wanted additional briefing that applies the new Rules to the two prior Board meetings when those Rules were not in effect.

I.      **"Profane" speech is not protected under the First Amendment.**

The case with facts most similar to this case is Jones v. Heyman, 888 F.2d

1328 (11th Cir. 1989). Plaintiff in that case claimed that the mayor and the city

violated his First and Fourteenth Amendment rights when he was silenced and

removed from a city commission meeting. Among other relief requested, plaintiff

sought an injunction barring the ordinance at issue in the case:

> It shall be unlawful for any person to disturb or interrupt any meeting
> of the City Commission. The use of obscene or **profane** language,
> physical violence or the threat thereof, or other **loud and boisterous
> behavior** which the presiding officer or a majority of the commission
> shall determine is intended as a disruption of the meeting and a failure
> to comply with any lawful decision or order of the presiding officer or
> of a majority of the City Commission shall constitute a disturbance.

Id. at 1334 FN 3. The district court rejected the facial challenge to the statute,

concluding that "[t]he prohibition of obscene or profane speech will not potentially

silence constitutionally protected speech." Jones v. City of Key W., Fla., 679 F.

Supp. 1547, 1559 (S.D. Fla. 1988), rev'd sub nom. Jones v. Heyman, 888 F.2d

1328 (11th Cir. 1989). Likewise, it held that "the prohibition against loud and

boisterous behavior, to the extent that such behavior is intended to disrupt a City

Commission meeting, is not overbroad because that limitation is consonant with

permitted time, place and manner restrictions." Id. Notably, the district court

ultimately ruled *in plaintiff's favor*, determining that the ordinance was

unconstitutionally applied to plaintiff since defendants did not have any grounds

for curtailing his speech or silencing his testimony just because his opening

comments referred somewhat derisively to the commission's fiscal practices. Id.,

at 1551. In fact, much of the district court's opinion extolled the importance of

protecting the First Amendment in the context of public meetings. On appeal, the

Eleventh Circuit determined that plaintiff's First Amendment rights were **_not_**

violated, **_reversing_** the district court's ruling that was in plaintiff's favor. The

Eleventh Circuit referenced the ordinance prohibiting, *inter alia*, "profane" speech

but did not conclude that the ordinance violated plaintiff's First Amendment rights.

In Iancu v. Brunetti, 139 S. Ct. 2294, 2303–04 (2019), the "FUCT"

trademark case involving the open marketplace, Chief Justice Roberts, in his

concurring opening, provides some guidance on the issue of "profane":

> I also agree that, regardless of how exactly the trademark registration
> system is best conceived under our precedents—a question we left
> open in *Tam*—refusing registration to obscene, vulgar,
> or **profane** marks does **not** offend the First Amendment. Whether
> such marks can be registered does not affect the extent to which their
> owners may use them in commerce to identify goods. No speech is
> being restricted; no one is being punished. The owners of such marks
> are merely denied certain additional benefits associated with federal
> trademark registration. The Government, meanwhile, has an interest
> in not associating itself with trademarks whose content is obscene,
> vulgar, or profane. **The First Amendment protects the freedom of
> speech; it does not require the Government to give aid and
> comfort to those using obscene, vulgar, and profane modes of
> expression.**

[emphasis added].

Plaintiffs may cite case law overturning criminal arrest/conviction based on

profane speech, such as <u>Cohen v. California</u>, 403 U.S. 15 (1971), or case law

invalidating ordinances that prohibit profane speech in traditional public forums.

However, those cases are distinguishable because this case does not involve

arrest/conviction and the forum at issue is a limited public forum.    Defendants

note that in the employment context, another division of this Court in <u>Marshall v.</u>

<u>City of Atlanta, Bureau of Servs.</u>, 614 F. Supp. 581 (N.D. Ga. 1984), <u>aff'd sub</u>

<u>nom.</u> <u>Marshall v. City of Atlanta</u>, 770 F.2d 174 (11th Cir. 1985), held that a rule

requiring employees to be civil, orderly and courteous to the public, co-workers

and supervisors and to not use course, insensitive, ***abusive***, violent

or ***profane*** language was not unconstitutionally vague.  Because the restriction on

profane speech at Board meetings does not discriminate against speech on the basis

of viewpoint and is reasonable in light of the purpose served by the forum, that

restriction does not violate the First Amendment.

II.    **"Abusive" speech is not protected under the First Amendment**.

In <u>Barrett v. Walker Cnty. Sch. Dist.</u>, 872 F.3d 1209, 1225 (11th Cir. 2017),

which also involved a challenge to a school district's public participation policy,

the Court expressly held that "public comment is limited to 'issues of concern,'

and speakers may not raise complaints against Board employees or engage in

'**abusive** or disruptive' speech.  This is content-based discrimination, which **is**

**permitted** in a limited public forum if it is viewpoint neutral and reasonable in light of the forum's purpose." [emphasis added].

Similarly, <u>Moms for Liberty - Brevard Cnty., FL v. Brevard Pub. Sch.</u>, 582 F. Supp. 3d 1214 (M.D. Fla. 2022), involved the claim by a parent group that the school board unconstitutionally discriminated against their views by impeding their participation at Board meetings, exactly like this case. In denying plaintiffs' request for a preliminary injunction, the Court concluded that the board's public participation policy "is both content- and viewpoint-neutral" and that "prohibiting **abusive** and obscene comments *is not* based on content or viewpoint, but rather is critical to prevent disruption, preserve "reasonable decorum," and facilitate an orderly meeting—which the Eleventh Circuit has held on multiple occasions is permissible. <u>Id.</u> at 1219. [emphasis added]. In rejecting the overbroad argument, the Court held that the policy "does not affect a substantial amount of constitutionally protected conduct because **abusive**, irrelevant, and disruptive speech is permissibly restricted in a limited public forum." <u>Id.</u> at 1221 (citing *Dyer*, 852 F. App'x at 402; *Doe v. Valencia Coll.*, 903 F.3d 1220, 1232–33 (11th Cir. 2018); *United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006)) (emphasis added). This Court, should likewise, deny Plaintiffs' request for preliminary injunction in this case.

**III.**     **Some of Plaintiffs' speech during the February and March Board meetings would violate certain provisions of the new Rules of Conduct and Public Participation Procedures.**

    A.    <u>Reading sexually explicit, graphic passages from books would violate the prohibition on profane speech.</u>

As argued in Section I above, a restriction on profane speech is not viewpoint discrimination and is reasonable in light of the purpose served by the limited public forum that is a board of education meeting. Thus, such a restriction would not be in violation of the First Amendment. The definitions of "profane" include "obscene[1] and vulgar."[2] The passages that Plaintiffs sought to read reference "blow jobs," graphic description of that act and anal penetration, or phrases such as "Fuck me Elio, Fuck me harder." [Doc. 25-1]. A reasonable person would consider these items as profane. As Defendants previously argued, another division of this Court, recently in <u>Rubin v. Young</u>, 373 F. Supp. 3d 1347, 1353 (N.D. Ga. 2019), reasoned that a speech restriction on profanity in a ***public forum*** is ***content-based*** and applied strict scrutiny to determine if the restriction is

---

[1] Defendants are not suggesting that the sexually explicit, graphic passages Plaintiffs seek to read constitute "obscenity," as that term has been technically defined in First Amendment jurisprudence. Rather, Defendants include that as part of what would constitute a layperson's understanding of "profane."

[2] https://www.merriam-webster.com/dictionary/profane

narrowly tailored to serve a compelling government interest.  However, the forum

in this case is a limited public forum and a restriction on profanity at a public board

meeting is certainly reasonable.

      B.      <u>Some of Plaintiff Hair's speech at the March 15 meeting would</u>

              <u>violate the "loud and boisterous" prohibition in the new Rules.</u>

The prohibition on "loud and boisterous" conduct or comments by speakers

or members of the audience in the new Rules, on its face, is content and view-point

neutral.  It is obviously intended to prohibit disruptive conduct in order to maintain

order at board meetings.  Such content and view-point neutral rules are permissible

in any forum, much less a limited public forum.  <u>See</u> e.g. <u>Pine v. City of W. Palm</u>

<u>Beach, FL</u>, 762 F.3d 1262 (11th Cir. 2014) (upholding a noise ordinance that

prohibits loud, boisterous or raucous shouting in a ***public forum***).  As referenced in

the <u>Jones</u> decision in section I above, "the prohibition against loud and boisterous

behavior, to the extent that such behavior is intended to disrupt a City Commission

meeting, is not overbroad because that limitation is consonant with permitted time,

place and manner restrictions." 679 F. Supp. at 1559.

At the March 15 meeting, Plaintiff Hair expressed her viewpoint for

approximately 1 minute, 33 seconds without interruption.  [1:19:13-1:20:46].

None of that speech would be considered "loud and boisterous."  However, when

Board Chair McCall gaveled and tried to stop her from reading a sexually explicit, graphic passage, Plaintiff Hair raised her hand, yelled out "Don't Even" and continued to read. [1:20:47-1:21:22]. Several people in the audience and Hair began to yell at the Board, and McCall tried to maintain control of the Board meeting. [1:21:23-1:22:01]. He asked Hair if she will follow the rules. [1:22:02]. After more yelling by her and others in the audience, McCall called for recess and had the room emptied. [1:22:35]. The yelling that occurred from approximately 1:21 to 1:22:35 would be considered "loud and boisterous." That conduct caused a major disruption in the board meeting and is not protected speech.

## CONCLUSION

Plaintiffs have failed to show that their First Amendment rights were violated. They cannot meet the rigorous standard for the extraordinary remedy of a preliminary injunction. For the reasons shown above and those provided in Defendants' Response brief and pre-hearing Supplemental Brief, Plaintiffs' Motion for Preliminary Injunction must be denied.

Respectfully submitted this 30th day of September, 2022.

## CERTIFICATION

Counsel certifies pursuant to Local Rule 5.1 that this document has been prepared in Times New Roman 14-point font with a top margin of one and one-

half (1 ½) inches and a left margin of one (1) inch.

HARBEN, HARTLEY & HAWKINS, LLP

*/s/ Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No.  382526
Phillip L. Hartley
Georgia Bar No.: 333987
Aparesh Paul
Georgia Bar No. 362648

340 Jesse Jewell Parkway Ste. 750      ATTORNEYS FOR DEFENDANTS
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Email: hnguyen@hhhlawyers.com
phartley@hhhlawyers.com
apaul@hhhlawyers.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 30th day of September,

2022, he electronically filed the *Defendants' Post-Hearing Supplemental Brief in*

*Response to Plaintiffs' Motion for Preliminary Injunction* with the Clerk of Court

using the CM/ECF system which will automatically send e-mail notification of

such filing to the attorneys of record.

HARBEN, HARTLEY & HAWKINS, LLP

*/s/ Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No.  382526

340 Jesse Jewell Parkway Ste. 750    ATTORNEY FOR DEFENDANTS
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: hnguyen@hhhlawyers.com