UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MAMA BEARS OF FORSYTH COUNTY, et al., *Plaintiffs*, v. WESLEY MCCALL, et al., *Defendants*. | Case No. 2:22-cv-00142-RWS |

CONSENT JUDGMENT AND INJUNCTION

As part of the Parties' settlement of this matter, the Parties agreed to request the Court enter the following order, which the Court finds appropriate and consistent with the Court's prior order issuing a preliminary injunction (ECF No. 50).  Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court enters judgment against Defendant Forsyth County School District (the "District" or "FCS") as follows:

    a. The Court permanently enjoins the District, its officers, school board members, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this injunction from enforcing any current or future FCS public participation policy to prohibit Plaintiffs, or any other

1

   speakers entitled to speak at an FCS school board meeting, from
   reading or quoting verbatim from the text of any book or written
   works available in any FCS library or classroom, while
   addressing the school board during the public-comment period at
   school board meetings.
b. The Court also permanently enjoins the District, its officers,
   school board members, agents, servants, employees, and all
   persons in active concert or participation with them who receive
   actual notice of this injunction from enforcing the respectfulness
   requirement, the restriction on personally addressing Board
   members, including the Superintendent, or any restriction on
   profane, uncivil or abusive remarks contained in the FCS' current
   public participation policy or any substantially comparable
   provision in a future FCS policy.
a. This injunction is binding on the District, its Board of Education,
   their successors, agents, attorneys, and assigns, and all those in
   active concert or participation with them.
b. This injunction takes effect immediately and remains in effect
   indefinitely, unless it is modified by order of the Court, the
   agreement of all parties, there is some other binding change in
   the law, or if FCS's public participation policy is repealed and not
   replaced.
c. This injunction does not prevent the District or its Board from
   amending the FCS public participation policy or issuing further

      implementing regulations consistent with this injunction, but will remain in effect after any such amendment or issuance.

  d. The injunction resolves the need for the Court's prior preliminary injunction Order (ECF No. 50) and said Order is hereby vacated as moot and dissolved.

  e. Plaintiffs are each awarded nominal damages in the amount of $17.91 payable by check made out directly to each Alison Hair and Cindy Martin individually and delivered to them by FCS, or its insurer, within 21 days of this order;

  f. Plaintiffs' counsel are entitled to costs and fees under 42 U.S.C. § 1988 in an amount to be determined by this Court if the Parties are unable to reach agreement;

  g. Plaintiffs' fee request, with supporting evidence, is to be filed within 30 days of this order unless the parties are able to agree to a stipulated amount;

  h. Plaintiffs may also submit a bill of costs at that time;

  i. Defendants will respond to the fee request 14 days after Plaintiffs' filing;

  j. Plaintiffs will be entitled to an optional reply brief due seven days later; and

  k. The Court takes notice of the attached settlement agreement, which the parties are directed to execute within five days after entry of this order.

2. The Court dismisses all claims against Defendants Wesley McCall, Kristin Morrissey, Tom Cleveland, Lindsey Adams, and Darla Light, with

prejudice, and without any further costs to any party, except as pertaining to defendant FCS, as specified above.

3. Following the entry of this Consent Decree and Permanent Injunction and this Court's determination of the fees motion, the Court directs the Clerk of Court to administratively close this case.

4. The Court will retain jurisdiction to enforce or modify this Consent Judgment and Permanent Injunction.

IT IS SO ORDERED on January 31, 2023.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Dated: January 30, 2023

*s/Endel Kolde*
Endel Kolde *(pro hac vice)*

INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW,
Suite 801
Washington, DC 20036
202-301-3300
dkolde@ifs.org

*s/Erika Birg*
Erika C. Birg

NELSON MULLINS RILEY
& SCARBOROUGH, LLC
Atlantic Station Suite 1700
201 17th Street NW
Atlanta, GA 30363
404-322-6110
erika.birg@nelsonmullins.com

*Counsel for Plaintiffs*

4

 s/*Hieu Nguyen*
Hieu M. Nguyen
Georgia Bar No. 382526
PEREIRA, KIRBY, KINSINGER & NGUYEN, LLP
340 Jesse Jewell Parkway Ste. 750
Gainesville, Georgia 30501
(770) 534-7341
hnguyen@hhhlawyers.com

*Counsel for Defendants*